UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ERNEST KIRALY, | CASE NO. 1:07 CV 1335 |
| Plaintiff, | JUDGE PATRICIA A. GAUGHAN |
| v. | |
| PROGRESSIVE INSURANCE CO., et al., | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | |

On May 8, 2007, plaintiff *pro se* Ernest Kiraly filed this *in forma pauperis* action against Progressive Insurance Co. (Progressive), and Progressive policy hold Donna Siders. The complaint alleges plaintiff was in a minor auto accident with Ms. Siders, and that Progressive sought $1,715.00 from him to cover damage to Ms. Siders's automobile. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

Although pro se pleadings are liberally construed, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable

basis in law or fact.[1]  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

There are no facts set forth in the complaint suggesting a proper basis for this court's jurisdiction, as there is no indication of diversity of citizenship and no federal statute is implicated by plaintiff's claim.  This action is therefore appropriately subject to dismissal under section 1915(e).  *Lowe v. Hustetler*, No. 89-5996, 1990 WL 66822 (6th Cir. May 21, 1990).

Accordingly, the application to proceed *in forma pauperis* is granted and this action is dismissed.  Further, the court certifies that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 7/9/07

---

[1] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).